IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF PREFERRED SANDS OF ATASCOSA, LLC | § § § § | |
| VS. | § § | CIVIL ACTION NO. 5:19-cv-983 |
| ADELPHI CONSTRUCTION LC AND RICHARD WAYNE BENNETT | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES JUDGE:

Plaintiff, LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF PREFERRED SANDS OF ATASCOSA, LLC, files its Original Complaint, complaining of Defendants ADELPHI CONSTRUCTION LC. and RICHARD WAYNE BENNETT (collectively referred to as "Defendants").

### I. PARTIES

1.1     Plaintiff, LEXINGTON INSURANCE COMPANY, AS SUBROGEE OF PREFERRED SANDS OF ATASCOSA, LLC ("Lexington") is a foreign insurance company doing business in the State of Texas. Lexington files this cause as subrogee of its insured, Preferred Sands of Atascosa, LLC ("Preferred Sands").

1.2     Defendant, ADELPHI CONSTRUCTION LC ("Adelphi") is a foreign corporation doing business in Texas, which may be served with citation and process on its registered agent for service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

1.3     Defendant, RICHARD WAYNE BENNETT ("Bennett"), is an individual who is a nonresident of Texas but engaged in business in Texas, but does not maintain a regular place of

business in this state or a designated agent for service of process. As such, given that this is a proceeding that arises out of the business done in this state and to which this Defendant is a party, pursuant to TCPRC 17.044(b), the Secretary of State is an agent for service of process on this Defendant. Pursuant to TCPRC § 17.045(a), after being served with duplicate copies of process, the secretary of state shall immediately mail a copy of the process to the defendant by registered mail or by certified mail, return receipt requested to its following home address:

> Richard Wayne Bennett
> 141 Pleasant Road
> Robeline, LA 71469

## II. JURISDICTION

2.1     Pursuant to 28 U.S.C. § 1332, this United States District Court has jurisdiction of this action, since it is between citizens and corporations of different States and the matter in controversy exceeds the sum or value of $75,000. In particular:

a.    Lexington is a Delaware corporation, with its principal place of business in New York.

b.    Adelphi is a Kansas corporation, with its principal place of business in Kansas.

c.    Bennett is an individual residing in Louisiana.

## III. VENUE

3.1     Venue is proper in this district and division pursuant to 28 U.S.C § 1391(a)(2) as the district and division in which a substantial part of the events or omissions occurred.

## IV. BACKGROUND FACTS

4.1     On or about January 2, 2018, Defendants were performing work at Preferred Sands' plant in Poteet, Atascosa County, Texas. Bennett, a crane operator, was tasked with repositioning a crane to allow access for an aerial platform. Bennett retracted the boom and

outriggers to the crane, and repositioned the crane, where it sat idle in this position for about two hours.  He then performed a maneuver of swinging 180 degrees from the resting position.  As he extended the boom, the weight and angle of the boom allowed the crane to drift and tip over.  After the accident, Bennett admitted he caused the accident by failing to make sure the outriggers were set before moving or operating the crane.  When the crane overturned, it damaged property owned by Preferred Sands.

## V.  CAUSE OF ACTION - NEGLIGENCE

5.1    Defendants owed a duty to Preferred Sands to prepare and operate the crane with ordinary prudence.  Defendants' failure to make sure the outriggers were set and to properly set up the crane for the lift breached this duty.  This breach of this duty of ordinary prudence constituted negligence, for which Defendants are liable.

## VI.  DAMAGES

6.1    As a result of the accident, Preferred Sands suffered actual damages of at least $520,843.11.

## VII.  FOR THE COURT ONLY – SUBROGATION RIGHTS

7.1    Lexington carried a policy of insurance issued to Preferred Sands providing coverage for property damage.  By virtue of Lexington's payments under the policy, Lexington is contractually and equitably subrogated to any claim which Preferred Sands has against any third-party as the result of the third-party's legal liability, and is entitled in law and/or equity to bring the claims in the name of Preferred Sands. *See Prudential Property and Cas. Co. v. Dow Chevrolet-Olds, Inc.*, 10 S.W.3rd 97, 103-04 (Tex.App.—Texarkana 1999, pet. dism'd).  Accordingly, Lexington has become subrogated to Lexington's claims and damages against the Defendants herein, which arose out of the occurrence, and is entitled to recover from the

Defendants the full amount of damages caused by the Defendants, including any deductible paid by Preferred Sands, for which Plaintiff pleads.

## VIII. PRAYER

8.1   WHEREFORE, Lexington prays that on final trial or hearing, Lexington recover actual damages from the Defendants, plus prejudgment and post-judgment interest, costs of Court, and such other and further relief to which Lexington may show itself justly entitled.

Respectfully submitted,

KELLY, SMITH & SCHMIDT, P.C.

*/s/ Loren R. Smith*
Loren R. Smith
State Bar No. 18643800
4305 Yoakum Boulevard
Houston, Texas 77006
(713) 861-9900
Facsimile:  (713) 861-7100
smith@kellysmithpc.com
ATTORNEYS FOR PLAINTIFF LEXINGTON INSURANCE COMPANY